NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2012
Decided February 22, 2012

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-1861

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 10-CR-138-BBC-02 |
| CARL B. POTTS, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Carl Potts pleaded guilty to robbery after he and two accomplices robbed a liquor store in Wisconsin. *See* 18 U.S.C. § 1951. The district court sentenced him as a career offender under U.S.S.G. § 4B1.1 to 188 months' imprisonment, the top of the guidelines range. Potts appeals, but his appellate counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Potts did not respond to counsel's submission. *See* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Potts has not indicated that he wants his guilty plea set aside, so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel does consider whether Potts could challenge his sentence as unreasonably high. The sentence is within the properly calculated guidelines range and therefore presumed reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pillado*, 656 F.3d 754, 772 (7th Cir. 2011). We are presented with no reason to set aside that presumption here. The district court meaningfully considered the factors in 18 U.S.C. § 3553(a), emphasizing that Pott is addicted to drugs and alcohol and that prior terms of imprisonment failed to deter him from engaging in the dangerous crime spree that eventually led to his conviction.

We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.